IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH DANIEL PALMER,  #224-480   *
        Plaintiff,
    v.                                         *    CIVIL ACTION NO. JKB-15-2509

DAVID BLUMBERG                      *
MARYLAND PAROLE COMMISSION
OFFICE                                     *
        Defendant.
                                         *****

MEMORANDUM

On August 24, 2015, the court received for filing the above-captioned 42 U.S.C. § 1983 civil rights action submitted by Maryland Division of Correction inmate Kenneth Palmer ("Palmer"). Palmer states that defendant caused him to be falsely arrested and imprisoned between the "era" of November 21, 2012 through February 7, 2013, on a parole retake warrant. ECF No. 1.[1] He claims that he was arrested on simple theft and second-degree assault charges on July 12, 2012, and the charges were dismissed on January 25, 2013. Palmer states that he should not have been arrested for an "alleged parole violation [on] such [an] undeveloped parole condition as a simple arrest." The thrust of his claims is that parole violations are only valid in limited circumstances and the retake

---

[1] This represents the eleventh civil action filed by Palmer in this court since April of 2015, with three of the cases on the active docket. In addition to the instant case, since April 10, 2015, Palmer has filed the following cases: *Palmer v. The Maryland Parole Com'n*, Civil Action No. JKB-15-1068 (D. Md.); *Palmer v. Risko*, Civil Action No. JKB-15-1549 (D. Md.); *Palmer v. Griffith, et al.*, Civil Action No. JKB-15-1586 (D. Md.); *Palmer v. Maryland Parole Com'n*, Civil Action No. JKB-15-1668 (D. Md.); *Palmer v. Pate*, Civil Action No. JKB-15-1669 (D. Md.); *Palmer v. Fisher*, Civil Action No. JKB-15-1964 (D. Md.); *Palmer v. Crowder, et al.*, Civil Action No. JKB-15-2050 (D. Md.); *Palmer v. Hogan, et al.*, Civil Action No. JKB-15-2113 (D. Md.); *Palmer v. O'Malley, et al.*, Civil Action No. JKB-15-2388 (D. Md.); and *Palmer v. O'Malley, et al.*, Civil Action No. JKB-15-2390 (D. Md.).

warrant involved none of those conditions.  He acknowledges entering a plea of guilty to simple assault at his December 2012 parole [revocation] hearing, but contends that pleading to technical violations of his parole conditions do not justify his incarceration.  *Id*.  He sues defendant Blumberg in his personal capacity and seeks $250,000.00 in compensatory and punitive damages against defendants.    Because he appears indigent, Palmer's motion for leave to proceed in forma pauperis shall be granted.  His complaint shall, however, be summarily dismissed.

Absolute immunity has been extended to parole officials because they perform tasks that are functionally comparable to those of judges.  *Pope v. Chew,* 521 F.2d 400 (4th Cir. 1975).  *See also Walrath v. United States,* 35 F.3d 277, 281-82 (7th Cir. 1994) (holding members of the United States Parole Commission staff and the Commissioner are absolutely immune from suit for actions taken in revoking parole); *Sellars v. Procunier,* 691 F.2d 1295 (9th Cir. 1981) (absolute immunity for Parole Board members); *Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1150 (5th Cir. 1985) (same); *Nelson v. Balazic,* 802 F.2d 1077 (8th Cir. 1986) (same); *Harper v. Jeffries,* 808 F.2d 281, 284 (3d Cir. 1986) (absolute immunity for hearing examiner who conducted detention proceeding and made recommendation to parole board).  Absolute immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Defendant Blumberg is therefore entitled to dismissal of all claims against him in his individual capacity under the doctrine of absolute immunity.²

---

² Regardless of the capacity in which Blumberg is sued, relief is unavailable.  Assuming, arguendo, that Blumberg was directly involved in the decision to issue a parole retake warrant, that determination was an adjudicative one.  Blumberg is entitled to absolute quasi-judicial immunity.  *See Pope*,

In addition, Palmer has failed to allege how Parole Chairman Blumberg, the only named defendant, personally participated in violating his rights under the law.  Under § 1983, individual liability must be based on personal conduct.  *See Wright v. Collins,* 766 F.2d 841, 850 (4th Cir. 1985); *see also Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997).  Further, in the absence of subjective knowledge, a prison official is not liable.  *Farmer v. Brennan,* 511 U.S. 825, 847 (1994); *see Johnson v. Quinones,* 145 F.3d 164, 168 (4th Cir. 1998).

Insofar as Palmer intends to hold Blumberg liable under a theory of *respondeat superior*, under *Shaw v. Stroud,* 13 F.3d 791 (4th Cir. 1994), supervisory liability may attach under § 1983 if a plaintiff can establish three elements. These are (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) "that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices' "; and (3) "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 799 (citations omitted).  Palmer furnishes no grounds for supervisory liability.

Because Palmer's prisoner civil rights case fails to state a claim, his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).  He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under

---

521 F.2d at 405; *see also Noll v. Getty*, 995 F.2d 1063, 1993 WL 211619, *2 (4th Cir. 1993) (unpublished) (decision to revoke parole was an adjudicative one, entitling Parole Chairman to absolute immunity in her official and personal capacities).

§ 1915(e) or Rule 12(b)(6).[3] This constitutes the first § 1915(e) strike to be assessed against Palmer.

A separate order follows.

Date: August 27, 2015.                                     /s/
                                                           James K. Bredar.
                                                           United States District Judge

---

[3]   28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, in the absence of extraordinary circumstances.